**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **GLEN ALLEN PONTIOUS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-798-G** |
| | ) | |
| **OKLAHOMA CITY POLICE DEPARTMENT et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Pro se Plaintiff Glen Allen Pontious initiated this action against Defendants Oklahoma City Police Department ("OCPD") and OCPD Officer N. Clark, Badge #2200, on July 18, 2025. *See* Compl. (Doc. No. 1). Plaintiff also has filed various supplements, in which he presents additional facts in support of his claims. *See, e.g.*, Doc. Nos. 3, 4.

Now before the Court are Defendant Clark's Motion to Dismiss, or in the Alternative, Motion to Quash Service (Doc. No. 14) and Defendant Oklahoma City Police Department's Motion to Dismiss (Doc. No. 16). Plaintiff has responded (Doc. No. 17), and Defendant Clark has replied (Doc. No. 18).

*I. Plaintiff's Allegations*

Liberally construed, Plaintiff asserts claims under 42 U.S.C. § 1983 alleging that OCPD Officer Clark, acting under color of state law, violated Plaintiff's civil rights by among other things forcibly detaining Plaintiff "[o]n July 19th 2022" in order to prevent Plaintiff from broadcasting through Facebook "the location where Edmond Oklahoma Police Officer C.J. NELSON was Killed in a crash." Compl. at 1, 4. Plaintiff alleges:

- On July 19, 2022, Plaintiff drove to the scene of the accident on his motorcycle, "got [his] cell Phone out," and "went LIVE ON FACEBOOK, telling anyone watching about how Police I[gn]ore life saving information." *Id.* at 4-5.
- Officer Clark directed Plaintiff "to move across the Highway where the rest of the media is." *Id.* at 5.
- After Plaintiff refused to move to the other location, Officer Clark "said OK turn around, SLAPPED MY HAND KNOCKING the Cell phone out of my Hand, landing on the ground." *Id.*
- Officer Clark handcuffed Plaintiff, "walked" Plaintiff "hundreds of feet" to a police car, searched Plaintiff, and removed "[e]ver[y]thing" from Plaintiff's pockets. *Id.*
- Plaintiff was placed in "the cage" in the back of the police car with the handcuffs "on so tight" that Plaintiff "was not able to sit up." *Id.* at 6 (referring to "Torture Cuffs").
- "[A]fter a few minutes," Officer Clark "[d]ragged" Plaintiff out of the police car by his feet. *Id.* When Plaintiff complained of pain, Officer Clark told Plaintiff "to act like an Adult," "lo[o]sened the [c]uffs," and shoved [Plaintiff] back into the cage." *Id.*
- Officer Clark then ran a background check on Plaintiff, "FISHING FOR A WARRANT," [a]nd found none." *Id.*

In the Complaint, Plaintiff identifies claims of false arrest, kidnapping, conspiracy, and maladministration. *Id.*

## *II. Relevant Standards*

Liberally construed, Plaintiff asserts federal claims pursuant to 42 U.S.C. § 1983, a "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). To succeed on a claim under § 1983, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that the violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The plaintiff must allege facts to plausibly establish a causal connection between an alleged violation of a federal right and each defendant. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Pahls v. Thomas*, 718 F.3d 1210, 1225-26, 1228 (10th Cir. 2013).

In analyzing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (footnote and citation omitted). Bare legal conclusions in a

complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Iqbal*, 556 at 679.

Pro se filings "are to be construed liberally," but the Court will not "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

## *III. Discussion*

### *A. Defendant Oklahoma City Police Department*

Defendant OCPD argues that it lacks capacity to be sued on Plaintiff's § 1983 claims. *See* Def. OCPD's Mot. to Dismiss at 5-7. Citing Oklahoma statutes, Defendant OCPD asserts that it is "not a legal entity subject to suit" and so dismissal is required. *Id.* Plaintiff's Response offers no authority to the contrary.

The Tenth Circuit has explained that, "[g]enerally, governmental sub-units" such as police departments "are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010); *see Lindsey v. Thomson*, 275 F. App'x 744, 747 (10th Cir. 2007). More specifically, this Court has determined that "the Oklahoma City Police Department . . . is not a suable entity for purposes of § 1983." *Currie v. Okla. City Police Dep't*, No. CIV-08-194-HE, 2008 WL 1946787, at *1, *4 (W.D. Okla. Apr. 30, 2008); *accord Smith v. Okla. City Police Dep't*, No. CIV-18-233-R, 2018 WL 3581132, at *2 (W.D. Okla. June 28, 2018) (R. & R.), *adopted*, 2018 WL 3579480 (W.D. Okla. July 25, 2018). The claims against Defendant OCPD therefore shall be dismissed.

*B. Defendant Clark*

Defendant Clark argues that Plaintiff's claims must be dismissed as time barred. *See* Def. Clark's Mot. to Dismiss at 7-9. "A statute of limitations defense may be appropriately resolved on a Rule 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished." *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016) (alteration and internal quotation marks omitted).

*1. Limitations Period and Accrual of § 1983 Claims*

The limitations period for bringing a § 1983 claim, as well as any tolling of that period, "is dictated by the personal injury statute of limitations in the state in which the claim arose." *Schell v. Chief Just. & Justs. of Okla. Sup. Ct.*, 11 F.4th 1178, 1191 (10th Cir. 2021) (internal quotation marks omitted); *see Owens v. Okure*, 488 U.S. 235, 236, (1989); *Mondragón v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). The statute of limitations for such personal-injury suits in Oklahoma is two years, *Schell*, 11 F.4th at 1191 (citing Okla. Stat. tit. 12, § 95(A)(3)), meaning that "the statute of limitations in a § 1983 action filed in Oklahoma is two years from the time the cause of action accrued." *Bedford v. Rivers*, No. 98-6389, 176 F.3d 488, 1999 WL 288373, at *1 (10th Cir. May 10, 1999).

Although the length of the limitations period for federal civil rights claims is determined by reference to Oklahoma law, "[f]ederal law governs when the action accrues" and thus when "the limitations period starts to run." *McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011); *Varnell v. Dora Consol. Sch. Dist.*, No. 12-CV-905, 2013 WL 12146483, at *6 (D.N.M. May 13, 2013) (R. & R.) (citing *Mondragón*, 519 F.3d at 1082), *adopted*, 2013 WL 12149185 (D.N.M. June 24, 2013), *and aff'd*, 756 F.3d 1208 (10th Cir.

2014); *see Wallace v. Kato*, 549 U.S. 384, 388 (2007).

> The Supreme Court has explained that a cause of action accrues when "the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (quotation and citation omitted). In particular, "[a] civil rights action accrues when facts that would support a cause of action are or should be apparent." *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) (internal quotation and citation omitted). A plaintiff "need not have conclusive evidence of the cause of an injury in order to trigger the statute of limitations." *Alexander v. Oklahoma*, 382 F.3d 1206, 1216 (10th Cir. 2004). Nor must a plaintiff "know all of the evidence ultimately relied on for the cause of action to accrue." *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993). Instead, the court must determine "whether the plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm. . . . " *Alexander*, 382 F.3d at 1216.

*Varnell*, 2013 WL 12146483, at *6 (alteration in original).

Stated differently, a § 1983 claim accrues, and the applicable limitations period begins to run, "when the plaintiff knows or should know that his or her . . . rights have been violated." *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1154 (10th Cir. 1998) (internal quotation marks omitted). "[T]he standard for determining whether a federal claim has accrued is" an objective one. *Alexander*, 382 F.3d at 1219 n.6.

2. *Discussion*

As noted, the Complaint alleges that Defendant Clark violated Plaintiff's rights in connection with the livestreaming incident on July 19, 2022. *See* Compl. at 4-6. Construed in Plaintiff's favor, his factual allegations reflect that on that same date, Plaintiff "knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm." *Alexander*, 382 F.3d at 1216. Plaintiff's cause of action therefore accrued on July 19, 2022, and the statute of limitations for his federal claims expired on or about July 19, 2024.

Plaintiff presents two arguments as to why this action should not be dismissed as untimely. First, Plaintiff impliedly invokes the Oklahoma "savings statute," Okla. Stat. tit. 12, § 100, by pointing to a state-court lawsuit he filed in October of 2022 against the City of Oklahoma City "as part of this case." Pl.'s Resp. at 3. This statute "allows a plaintiff who fails otherwise than upon the merits in an action that is timely commenced to commence a new action within one year after the failure, although the time limit for commencing the action has expired." *Twashakarris, Inc. v. INS*, 890 F.2d 236, 237 (10th Cir. 1989). Under this savings provision—even assuming that the state-court lawsuit was dismissed in relevant part "otherwise than upon the merits"—Plaintiff had one year from the lawsuit's "failure" in which to "commence a new action." Okla. Stat. tit. 12, § 100; *Twashakarris*, 890 F.2d at 237; *see also Williams v. City of Guthrie*, 109 F. App'x 283, 286-87 (10th Cir. 2004). As noted by Defendant Clark and evident from the publicly available case filings, that lawsuit was dismissed on March 22, 2024. *See* Def. Clark's Mot. to Dismiss Ex. 3 (Doc. No. 16-3). Because Plaintiff's July 18, 2025 Complaint was not filed until more than one year after that dismissal, the associated § 1983 claims expired prior to the initiation of this action.

Second, Plaintiff references "TOLLING" and cites "life Threatening issues [he's] had to conquer," including a motorcycle accident in May 2023 and ongoing cancer treatment since March 2024. *See* Pl.'s Resp. at 3. Under Oklahoma law, "the existence of a 'legal disability' provides proper grounds for equitable tolling." *Alexander*, 382 F.3d at 1217 (quoting Okla. Stat. tit. 12, § 96). As relevant here, Oklahoma courts have permitted tolling on this basis "only for plaintiffs whose competency is impaired." *Id.* Plaintiff does

not allege that his medical issues rendered him unable to conduct his own affairs and so fails to show an entitlement to tolling on the basis of "legal disability." *Id.*; *see Lovelace v. Keohane*, 831 P.2d 624, 629 (Okla. 1992). And Plaintiff's issues, while serious, do not otherwise implicate the rare types of "exceptional circumstances" that have been found to justify the tolling of the statute of limitations. *Alexander*, 382 F.3d at 1219-20.

Plaintiff's claims against Defendant Clark therefore must be dismissed as untimely filed.[1]

*C. Plaintiff's Motion to Amend*

After briefing of Defendant's motions was completed, Plaintiff filed a Motion to Amend (Doc. No. 54) and submitted a proposed amended complaint (Doc. No. 54-1). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under Rule 15(a)(2), courts enjoy "wide discretion" to permit amendment "in the interest of a just, fair or early resolution of litigation." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal quotation marks omitted). "While Rule 15[(a)(2)] provides that leave to amend a complaint shall be freely given when justice so requires, a district court may refuse to allow amendment if it would be futile." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013).

The Court has reviewed Plaintiff's Motion to Amend and the allegations set forth in the proposed amended complaint. Because Plaintiff has suggested therein no facts that

---

[1] The Court has reviewed the additional facts set forth in Plaintiff's various supplements and the pending motions and finds that nothing in those documents would affect the Court's rulings in this Order.

would alter the Court's rulings as to the present claims, or give rise to a different, viable claim, amendment is denied as futile.

CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss (Doc. Nos. 14, 16) are GRANTED. The Complaint (Doc. No. 1) is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). A separate judgment shall be entered.

Plaintiff's Motion to Amend (Doc. No. 54) is DENIED. All remaining pending motions (Doc. Nos. 39, 40, 42, 43, 44, 49, 56, 59, 60, 61, 64) are DENIED as moot.

IT IS SO ORDERED this 30th day of September, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge